### NATOL v. BOOTH & FLINN CO. et al.

No. 19630. Opinion Filed Oct. 15, 1929.

Chas. R. Alexander, for petitioner.

Breck Moss, for respondents.

MASON, C. J. This is a proceeding to review a final order of the State Industrial Commission wherein the petitioner was denied compensation under the Workmen's Compensation Act.

The respondent, Booth & Flinn Company, was constructing a gas pipe line and the petitioner, Ramon Natol, was employed in such work. The employees, about 150 in number, were furnished food and lodging in a camp which the company maintained near where such work was being done. The record does not disclose that the men were required, under their contract of employment, to stay in said camp, but it merely discloses that they were permitted to do so as a matter of convenience; the camp being moved from place to place as the work progressed.

On the 24th day of October, 1927, the petitioner finished his work and came into camp about 5:30 in the afternoon, and between 8:30 and 9:00 o'clock that night, which was a very dark night, the petitioner left the camp and went some several hundred yards to a nearby ravine for the purpose of relieving himself. Upon returning from such mission, and in an effort to avoid being run over by an automobile while crossing a public highway, he ran into the darkness and fell some 20 or 30 feet over a precipice which resulted in a fracture of one arm and one leg and the subsequent amputation of the leg above the knee.

The Industrial Commission found that the petitioner failed to show that the disability complained of resulted from an accidental injury arising out of and in the course of his employment with the respondent company.

The principal complaint of petitioner herein is that the Industrial Commission erred in making such finding and in denying compensation. Petitioner relies principally upon the case of Kaiser Lumber Co. v. Industrial Commission of Wisconsin (Wis.) 195 N. W. 329, and Holt Lumber Co. v. Industrial Commission of Wisconsin (Wis.) 170 N. W. 366. These cases hold that, where a contract of employment requires the servant to sleep on the premises and in a bunk furnished by the master, it is within the course of his employment for the servant to remain upon the premises at night and use the bunk furnished for him, and that while so at rest the servant is performing services growing out of and incident to his employment.

It is contended that the petitioner in the instant case was engaged in acts not only incident to but necessary to live in the camp furnished by the respondent, and therefore the injury arose out of and in the course of his employment. In our opinion, it is not necessary in this case to announce whether we will follow the rule established in the Wisconsin cases, supra, and as to whether such rule could be extended so as to include the accident and injury complained of herein.

The record herein does not disclose that the petitioner had gone to a place provided by the respondent for such purposes. Neither does it disclose that such place was on the premises of respondent. The testimony of the petitioner, which was given through the aid of an interpreter, discloses that he was not on the premises of respondent, but was standing on the public highway listening to a group of men engaged in conversation at the time the accident occurred. This brings the case within the rule announced in Southern Surety Co. v. Galloway, 89 Okla. 45, 213 Pac. 850, wherein this court held:

"An injury does not arise out of the employment within the meaning of section 7285, Comp. Stats. 1921, unless it results from a risk reasonably incident to the employment and unless there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between conditions under which the work is

required to be performed and the resulting injury.

"Where an employee is engaged in driving a team in constructing street paving and drives the team on to the parking under the direction of the foreman, and then leaves his team and goes diagonally across the street to a bread wagon to get something for his lunch, and, while returning from the bread wagon to the place where he had left his team, is struck by an automobile driven by a person not employed by the construction company, the accident does not arise out of the employment and is not compensable under the Workmen's Compensation Act."

Conceding, without deciding, that the petitioner's original mission was such as to bring his accidental injury within the rule announced in the Wisconsin cases, supra, yet when he stopped on the public highway to engage in, or listen to, a conversation of a group of other employees, he was engaged in a private mission, and, under the rule announced in Southern Surety Co. v. Galloway, supra, said accident did not arise out of and in the course of his employment. Having reached this conclusion, it is not necessary to decide the other question presented by petitioner. The petition to review and vacate the final order of the Industrial Commission must be denied.

LESTER, V. C. J., and HUNT, RILEY. HEFNER, SWINDALL, and ANDREWS, JJ., concur.

Note.—See under (1) 40 A. L. R. 1123; 28 R. C. L. p. 797; 4 R. C. L. Supp. p. 1856; 5 R. C. L. Supp. p. 1568; 6 R. C. L. Supp. p. 1756; 7 R. C. L. Supp. p. 1005. See Workmen's Compensation Acts—C. J. §63, p. 73, n. 76; §65, p. 74, n. 86.