## EL RENO MILL & ELEVATOR CO. et al.
## v. KENNEDY et al.

No. 21864. Opinion Filed June 16, 1931.

John F. Butler, for petitioner.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

CLARK, V. C. J. This is an original action filed in this court by petitioners to review an award of the State Industrial Commission made and entered on the first day of October, 1930, wherein Fay Kennedy, respondent herein, was awarded compensation for four weeks' temporary total disability, and 50 per cent. permanent partial ability, and 50 per cent. permanent partial loss of the use of the thumb and index finger of the left hand, at the rate of $15.94 per week, or a total of $757.15.

Petitioners contend that the evidence is insufficient to support the award for the reason the injury did not arise out of and in the course of employment. The record discloses that respondent was employed by petitioner, El Reno Mill & Elevator Company, as assistant warehouse foreman and employed on the day of the accident, which was July 14th, about 12 o'clock p. m., and had for several days been employed as a fireman. That he was firing the boilers of the mill. That he and Mr. Cooper, at about midnight, at respondent's request, went into the carpenter shop, turned on a power saw, and respondent was sawing a 2 x 8 so that he could get a 2 x 4 from the same.

The record further discloses that the operation of the saw had nothing to do with the regular work respondent was employed to do. Petitioner testified as follows:

"Q. It is true that operation of that saw had nothing to do with the regular work you did? A. Yes, sir. Q. It is true you did not work in the carpenter shop? A. Ordinarily my work was warehouse work, but they had used me where they wanted me. Q. You had not been told to use that saw? A. No, sir."

Testimony of Mr. Cooper, night watchman, who was present, stated that respondent asked him, Cooper, to turn on the power; that he wanted to use the saw. That Cooper turned on the power, and while respondent was using the saw, the accident occurred, resulting in the injury. There is not any testimony that it was any part of respondent's duties to operate the saw at the time and place in the manner in which it was operated.

There is testimony in the record tending to show that respondent desired to cut the 2 x 4 to take home with him for his own private use. The record is clear that he was not operating the saw for the use and benefit of petitioner, El Reno Mill & Elevator Company. His duty at this particular time was to watch the boilers and keep the fire going, and at midnight he went into the carpenter shop to saw this piece of timber, and the accident occurred.

The Attorney General, on behalf of the Industrial Commission, has filed in this court a confession of error and cites the case of Lucky-Kidd Mining Co. v. State Industrial Commission, 110 Okla. 27, 236 Pac. 600. The case at bar comes within the rule announced in the Lucky-Kidd Mining Company Case,

304

supra, where, in that case, the employee was employed as a hoisterman, left his post of duty above the mines and entered the mine to collect a load of refused timbers which he intended to remove and haul to his home for use as firewood.

In the case at bar, employee had left his duties and was sawing timber which, according to his own testimony, was not to be used by his employer and had no connection with the work he was instructed by his employer to perform. The evidence is insufficient to support the finding of the Industrial Commission. Cause is reversed, with instructions to the Industrial Commission to vacate the award and dismiss the cause of action.

RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., absent.