## A. & E. LUMBER CO. et al. v. ATKINSON et al.

No. 27826.    March 21, 1939.

Carl S. Prewitt, for petitioners.

J. E. Fleming and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. The petitioner is the operator of a lumber mill. The respondent was a laborer working inside the mill. On the 25th day of January, 1936, at about 3 o'clock p. m., he sustained an accidental injury resulting in a broken arm. On the 26th day of February, 1937, the State Industrial Commission entered an award for temporary total disability. Petitioner seeks to vacate the award.

Respondent testified that he was a mill worker in the mill of the petitioner at Battiest, in McCurtain county, Okla.; that he was rooming with Clemmie Gamblin, one of the workers at the mill, and the house where he was rooming was a mile and a

half west of the mill; that he had quit work when the mill closed down at 12 o'clock noon on the 25th day of January, 1936, and had stayed around the premises until approximately 3 o'clock in the afternoon in order to ride home with the said Clemmie Gamblin. It is admitted that he had no directions or instructions to ride with the said Clemmie Gamblin. Respondent's duties were limited to work inside the mill. There is no evidence of an express or implied contract by either Clemmie Gamblin or the petitioner to transport respondent to and from work. Respondent stated that sometimes he walked to work. On the date of the accident he was riding on the back of the truck driven by the said Clemmie Gamblin on the way to the home of the said Clemmie Gamblin when the driver reached a turn in the road and a sudden lurch threw the respondent off the truck and he broke his arm.

We are of the opinion, and hold, that there is no evidence on which to predicate the finding that the injury arose out of and in the course of the employment. Mead Bros. v. State Industrial Commission, 144 Okla. 279, 291 P. 571; Southern Surety Co. v. Cline, 149 Okla. 27, 299 P. 139; Hartford Accident & Indemnity Co. v. Lodes, 164 Okla. 51, 22 P.2d 361.

The award is vacated.

BAYLESS, C. J., and CORN, GIBSON, HURST, and DANNER, JJ., concur.