## STATE HIGHWAY COMMISSION et al. v. KOON et al.

No. 28918. May 23, 1939.

Claude Weaver, Jr., and Floyd Green, for petitioner.

H. W. Wright and Mac. Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding to review an award made by the State Industrial Commission to Fred H. Koon, an employee of the State Highway Commission. Neither the nature of the employment nor the nature and extent of the injury is in dispute. The State Highway Commission seeks to vacate the award and has presented the sole issue that the accidental injury did not arise out of and in the course of the employment. This is a question of law to be determined under all the facts and circumstances by a review of the entire record. McKeever Drilling Co.

v. Egbert, 170 Okla. 259, 40 P.2d 32; Davon Oil Co. v. State Industrial Commission, 177 Okla. 612, 61 P.2d 579.

We shall therefore review the evidence as presented by the record. It is disclosed that the respondent was a teamster employed by the petitioner, the State Highway Commission. On July 20, 1937, he was employed on a project of road construction near Helena, Okla., and the crew employed in this project had just completed their work for the day at approximately 4:45 p. m. Rolfe LeCrone, the foreman, announced that due to the little time remaining it would be impractical to commence any other project, whereupon respondent took his team and went to a lot used by the employees. He had reached the lot and was in the process of caring for the team when a wire fastened to some feed struck him in the eye causing the accidental injury in question. It was stipulated that the accidental injury caused a complete loss of the right eye. Some fellow employees completed the job of taking care of respondent's team and he got in his car and left for the purpose of treating the injury. The lot to which respondent went was obtained and furnished by the employees. It was not on the highway. Neither was it on premises furnished by the State Highway Department. As the working crew would change locations the lot would be moved from time to time for the convenience of employees. Rolfe LeCrone was foreman of the men engaged in this project, as stated above. He had come up to the lot after the respondent had quit work and obtained a trailer for the purpose of getting a culvert to be placed by the crew in the work to be performed the next day. Neither LeCrone nor any supervisor of the State Highway Commission made any arrangements for the placing of this lot or the keeping of the teams therein. The record discloses that the land on which the lot was located was owned by private individuals with whom the employees made their own arrangements. In Indian Territory Illuminating Oil Co. v. Lewis, 165 Okla. 26, 24 P.2d 647, we said:

"Under Comp. St. 1921, sec. 7285, as amended by Laws 1923, c. 61, sec. 3, a compensable accidental injury must disclose from its circumstances the existence of two essential elements: It must have resulted in the course of employment and it must also have arisen out of the employment. The absence of either of these essential elements destroys the application thereto of the beneficent provisions of the compensation law. * * *"

An injury does not arise out of the employment within the meaning of the Workmen's Compensation Law of this state, unless it results from a risk reasonably incident to the employment, and unless there is apparent to the rational mind, upon consideration of all of the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury."

See, also, Chicago Pneumatic Tool Co. v. McGrew, 178 Okla. 439, 63 P.2d 749; Stanolind Pipe Line Co. v. Davis, 173 Okla. 190, 47 P.2d 163; Oklahoma Gas & Electric Co. v. Stout, 179 Okla. 312, 65 P.2d 477.

An injury arises out of the employment when it results from a risk reasonably incident to the employment (Natol v. Booth & Flynn Co., 139 Okla. 103, 281 P. 264; Smith v. State Industrial Commission, 182 Okla. 433, 78 P.2d 288); and an injury is received in the course of the employment when it comes while the workman is doing the duties which he is employed to perform. Consolidated Pipe Line Co. v. Mahon, 152 Okla. 72, 3 P.2d 844.

Under the above authorities we are of the opinion, and hold, that the accidental injury did not arise out of and in the course of the employment. Respondent had left the premises and was not engaged in any of the duties incident to or connected with his employment. We are cited to certain authorities which hold that where an employee is on the way to or from work or has left the premises of the master, he may nevertheless sustain an accidental injury which arises out of and in the course of the employment. Among the authorities cited are Muskogee Transfer & Storage Co. v. Southern Surety Co. of N. Y., 170 Okla. 395, 40 P.2d 1044; Indian Territory Illuminating Oil Co. v. Whitten, 150 Okla. 303, 1 P.2d 756. It will be seen by an examination of these authorities that they are disposed of under the rule that at the time of the accidental injury the employee was engaged in doing some specific thing at the direction of the employer. They do not conflict with the general rule that an employee on the way to or from work when he is injured does not sustain an injury arising out of and in the course of the employment.

The award is vacated.

BAYLESS, C. J., and CORN, HURST, DAVISON, and DANNER, JJ., concur.