STANDARD PAVING CO. v. NEWMAN et al.

No. 30877. April 4, 1944.

Rehearing Denied April 25, 1944.

*147 P. 2d 983.*

Page & Spencer, of Oklahoma City, for petitioners.

Cook & Bingaman, of Purcell, and Mac Q. Williamson, Atty. Gen., for respondent.

ARNOLD, J. On the 20th day of January, 1941, W. H. Newman, respondent, filed his first notice of injury and claim for compensation therein stating that he sustained an accidental injury arising out of and in the course of his employment with the Standard Paving Company, hereinafter called petitioner.

The evidence discloses that the petitioner, in pursuance of a contract with the State of Oklahoma, was constructing a concrete highway from a point five miles southeast of Cleveland, Okla., to said town. At the time of respondent's injury, approximately four miles of paving had been poured. Respondent was employed by petitioner as a form setter. He, accompanied by a co-employee, Williams, left Manford, Okla., approximately 14 miles from Cleveland, at about 6 o'clock in the morning, and was at the time he sustained his injury driving upon the partially completed portion of said paved strip; that at a point thereon, approximately four miles from the place where he was to help set up forms, his automobile collided with one driven by Lester Beavers, an employee of the Stanolind Pipe Line Company. He was supposed to report to work between 6 and 7 o'clock a. m. The partially completed portion of said highway was barricaded at each end to prevent the public from traveling thereon. Approximately 800 feet inside the end barriers there was another barrier maintained by the petitioner for the same purpose. Respondent testified that the petitioner had issued a general order or direction to the effect that when an employee found these barriers down they should replace them; that he and Williams found the second barrier down and replaced it and had re-entered the automobile when the collision occurred; that the use of the partially completed portion of the highway by him and his companion was the most advantageous way to reach his place of work and it was so used with the knowledge and consent of the petitioner.

The respondent further testified that the area within the barriers of the petitioner was within the supervision and control of the petitioner and the accident resulting in his injuries occurred on the premisees upon which the work was being done. The petitioner's evidence tends to contradict the respondent's testimony in this regard; however, it was brought out that the roadway had not been turned over to the state; that it had been only partly paid for; and that the shoulders had not been completed at the time and that until completed petitioner's contract was not performed. From the whole record before us there can be no doubt that this new roadway was used as a means of ingress and egress by the employees of the petitioner with its full knowledge and consent, the only limitation being that they not drive on the slab before the concrete was fully set.

Based upon these facts the State Industrial Commission entered an order and award for the respondent, and the petitioner has commenced this proceeding to review such award.

Petitioner asserts that there is no competent evidence in the record to sustain the finding of the State Industrial Commission that the accident arose out of and in the course of the employment.

The respondent seeks to sustain the award upon two grounds: First, that he had reached the premises upon which the work was being done, and is within the rule announced by this court in Roxana Petroleum Co. v. State Industrial Commission, 134 Okla. 181, 272 P. 847; and, second, that he was going to a place at the direction of the petitioner, and that the injury arose out of and in the course of the employment under the rule announced by this court in Coon v. Morton, 189 Okla. 40, 113 P. 2d 192, and related authorities.

An injured employee is not entitled to compensation under the Workmen's Compensation Act unless the accident which caused his injury happened in the course of the employment and arose out of the employment. Baker v. State Industrial Commission, 138 Okla. 167, 280 P. 603; A. & E. Lumber Co. v. Atkinson, 184 Okla. 530, 88 P. 2d 634; Mead Bros., Inc., v. State Industrial Commission, 144 Okla. 279, 291 P. 571.

An injury arises out of the employment when it results from a risk reasonably incident to the employment; and an injury is received in the course of the employment when it happens while the workman is doing the duties which he is employed to perform. Natol v. Booth & Flinn Co., 139 Okla. 103, 281 P. 264; Consolidated Pipe Line Co. v. Mahon, 152 Okla. 72, 3 P. 2d 844; State Highway Commission v. Koon, 185 Okla. 161, 90 P. 2d 889.

However, it is generally held that an injury sustained by an employee while going to or from his place of work upon the premises owned or controlled by his employer, is deemed to have arisen out of and in the course of the employment. See Superior Smokeless Coal & Mining Co. et al. v. Hise et al., 89 Okla. 70, 213 P. 303; Roxana Petroleum Corporation v. State Industrial Commission, supra; 49 A.L.R. 424; 82 A.L.R. 1043. In this connection see, also, Judson Mfg. Co. v. Industrial Accident Com. Co., 181 Cal. 300, 184 P.1; Skeen v. Sunshine Mining Co., 60 Idaho 741, 96 P. 2d 497; Freire v. Matson Nav. Co., 19 Cal. 2d 8, 109 P. 2d 1022.

The evidence disclosed by the record in this case, though to some extent in conflict, is sufficient to sustain a determination that the respondent was injured while going to his place of work upon the premises controlled by the petitioner, his employer, and arose out of and in the course of his employment.

The five-mile strip of pavement had not been completed at the time of the accident. It had not been approved by the State Highway Commission nor turned over to it. It had not been opened for public use. This is true even though some few individuals disregarded the barricades and drove thereon. It was still a closed roadway and under the control of the petitioner. It was used as one of the ways of ingress and egress to their work by the employees with the knowledge and consent of the petitioner. The accident occurred thereon while the respondent was on his way to work and after he had performed the service directed, according to his testimony, of replacing the barrier hereinbefore referred to.

Obviously, the following cases: Southern Surety Co. of New York v. Cline et al., 149 Okla. 27, 299 P. 139; Oklahoma Natural Gas Corp. v. Union Bank & Trust Co. et al., 149 Okla. 12, 299 P. 159; Baker v. State Industrial Com. et al., supra; Ocean Accident & Guarantee Co. et al. v. Industrial Accident Commission, 173 Cal. 313, 159 P. 1041; Oklahoma Gas & Electric Co. et al. v. Stout et al., 179 Okla. 312, 65 P. 2d 477, cited by the petitioner, holding that an injury sustained by an employee while on his way to or from work, and away from the premises owned or controlled by his employer, usually does not arise out of and in the course of the employment, have no application. It is equally obvious that the following cases: Lucky-Kidd Mining Co. et al. v. State Industrial Com., 110 Okla. 27, 236 P. 600; Baker v. State Industrial Com. et al., supra; Ryan v. State Industrial Com. et al., 128 Okla. 25, 261 P. 181; Rush Const. Co. v. Woodward et al., 159 Okla. 72, 14 P. 2d 409; Stanolind Pipe Line Co. v. Davis, 173 Okla. 190, 47 P.

2d 163; Cordell Milling Co. v. State Industrial Com., 173 Okla. 195, 47 P. 2d 168; State Highway Com. v. Koon, 185 Okla. 161, 90 P. 2d 889, also cited by the petitioner, holding that injury sustained by an employee after he has stopped work for the day or while on a mission solely for his own benefit, or occurs under circumstances not reasonably connected with his employment, does not arise out of and in the course of the employment, are not controlling.

It is not contended that the petitioner had agreed to furnish transportation to the place of work. This being true, the cases of Mead Bros., Inc., v. State Industrial Com., supra; Indian Territory Illuminating Oil Co. v. Gore, 152 Okla. 269, 4 P. 2d 690; A. & E. Lumber Co. v. Atkinson, supra, have no application here.

The award is, therefore, affirmed.

CORN, C.J., and RILEY, OSBORN, BAYLESS, WELCH, HURST, and DAVISON, JJ., concur. GIBSON, V.C.J., dissents.