SHIRLEY v. NATIONAL TANK CO. et al.

No. 34023. Oct. 24, 1950.

*223 P. 2d 540.*

George W. Goad and Francis M. Pickel, Jr., both of Oklahoma City, for petitioner.

Butler & Rinehart, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

HALLEY, J. This is a proceeding by John Wesley Shirley to review an order of the State Industrial Commission denying him compensation on a claim filed against National Tank Company, his employer, and its insurance carrier, Associated Indemnity Corporation, referred to herein as "respondents".

In his claim petitioner states that on the 15th day of May, 1948, while in the employ of respondent National Tank Company, and while working in the wood shop with an electric saw, his left hand was caught in the saw, resulting in the loss of use of the thumb, amputation of the index finger, and injury to two other fingers of the hand.

The trial commissioner found that petitioner sustained an accidental injury as claimed by him but that such injury did not arise out of and in the course of his employment, and on such finding made an order denying him compensation. The order was sustained on appeal to the commission en banc.

Petitioner contends that the order is not supported by the evidence and is contrary to law.

The only evidence offered in this case consists of the evidence of petitioner, who testified, in substance, as follows: He was employed by respondent National Tank Company at the time he sustained his injury. He was employed as a burner. His work consisted of cutting material to fit such articles as were then being made by respondent National Tank Company and cutting out connections that were necessary to be burned out, and to keep material on hand when needed in the operation of the business.

Petitioner's working hours were between 5:10 in the afternoon and 2:50 in the morning. About 12:20 a.m., on May 15, 1948, he had caught up with his regular work and had some time to spare. He obtained a board, a 1 x 12, for use in making a whatnot shelf for personal use in his own home. He contacted respondent's foreman and obtained from him the key to the wood shop. He entered the shop and had started to cut the board with an electric saw, when his left hand was caught in the saw, resulting in the loss of his index finger, loss of use of his thumb, and injury to two other fingers. Petitioner further testified that he had been working for the National Tank Company for about four years; that during all that time it was customary for other employees of the company, during working hours and during their spare time, to enter the wood shop and use the company's tools in making articles for their own use. This, in substance, constitutes all the evidence offered by petitioner to sustain his claim. This evidence clearly establishes that he was not operating the saw for the use and benefit of his employer at the time he sustained his injury, but on the contrary was operating it for his own use and benefit in making a whatnot shelf for personal use in his own home, and clearly establishes that the injury sustained by him did not arise out of and in the course of his employment.

We have so held under a similar state of facts in Rush Const. Co. v. Woodward, 159 Okla. 72, 14 P. 2d 409; El Reno Mill & Elevator Co. v. Kennedy, 149 Okla. 303, 300 P. 382; Lucky-

510

Kidd Mining Co. v. State Industrial Commission, 110 Okla. 27, 236 P. 600.

In Standard Paving Co. v. Newman, 194 Okla. 166, 147 P. 2d 983, we said:

"An injury arises out of the employment when it results from a risk reasonably incident to the employment; and an injury is received in the course of the employment when it happens while the workman is doing the duties which he is employed to perform. Natol v. Booth & Flinn Co., 139 Okla. 103, 281 P. 264; Consolidated Pipe Line Co. v. Mahon, 152 Okla. 72, 3 P. 2d 844; State Highway Commission v. Koon, 185 Okla. 161, 90 P. 2d 889."

The evidence in this case shows conclusively that petitioner's injury did not result from any risk reasonably incident to his employment and did not occur while he was engaged in performing any work which he was engaged to perform. There is shown no causal connection between the employment and the injury. The injury did not therefore arise out of and in the course of his employment.

The fact that respondent National Tank Company on different occasions permitted other employees, during working hours and during their spare time, to enter its wood shop and use its tools in making articles for their own use, does not render inapplicable the rule announced in the above cases, as contended by petitioner.

Order sustained.

ARNOLD, V. C. J., and WELCH, CORN, GIBSON, LUTTRELL, JOHNSON, and O'NEAL, JJ., concur.