MIDLAND CO-OP. WHOLESALE et al. v. BROWN et al.

No. 35409. Oct. 14, 1952.

Rehearing Denied Nov. 18, 1952.

*250 P. 2d 34.*

Butler, Rinehart & Morrison, Oklahoma City, for petitioners.

Williams & Hansen, Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

WELCH, J. Tom A. Brown, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that while employed by Midland Co-Operative Wholesale, hereinafter called employer, he sustained an accidental injury when he fell from a ladder. There is no issue as to the extent of disability nor as to the hazardous employment.

In four separate propositions petitioners raise the single issue that the award was not authorized because the injury did not arise out of and in the course of employment. This requires a review of the evidence.

On the 2nd day of March, 1951, claimant was repairing a telephone line when he fell from a ladder and was injured. Claimant testified that his immediate superior is Jimmy Enslow and that he was told by him to help fix the telephone line; that Enslow informed claimant that he had tried to call claimant and could not reach him over the telephone and was forced to drive 28 miles; that he wanted claimant to get the line fixed so that Enslow would not have to drive down to the premises when he wanted to find out something from claimant. Claimant further testified that he was in charge of two oil wells and two gas wells and that it was his duty to take care of them, gauge the tanks and check the gas valves, and take care of the water lines and keep the telephone line in repair when needed. This telephone line was a privately owned line with 14 users and operated in connection with the main line of the Southwestern States Telephone Company. Claimant testified that the employer was one of the 14 users; that he used the line for company business almost exclusively, but occasionally used the line for personal purposes. The house in which claimant resided is owned and maintained by the employer and is six miles from the town wherein the Southwestern States Telephone Company has an exchange. The claimant was working on the line approxi-

mately two miles from the house when injured.

The petitioners introduced evidence to show that Jimmy Enslow, the farm boss and immediate superior of claimant, did not direct claimant to fix the telephone line; that Enslow was unauthorized to give any such direction.

We are of the opinion and hold that the evidence is sufficient to support the finding that the work on the telephone line was being done at the instance and request of the employer; that although claimant was approximately two miles off the premises of the employer he was working on a line consisting of 14 users, one of whom was the employer; that the employer had repaired the line before when it got out of repair. Claimant had repaired this line before and the evidence offered by claimant and two other witnesses tends to establish that the employer furnished a truck and material for the repair of the line, and that two days before the accident the employer told claimant that if he needed a truck and material it would be sent; that at one time the employer sent a pole to repair the line. The evidence also discloses that the employer paid the monthly assessments as a user of this telephone line and that shortly after the accident the employer refused to pay the telephone assessment or dues and that the telephone at the house was discontinued.

Petitioners cite Marby Construction Co. v. Merritt, 200 Okla. 560, 198 P. 2d 217. Therein an employee went to the aid of a stranger whose automobile had stalled on the highway and was injured when struck by a passing automobile. There was no evidence of any direction by any superior in that case. There was no disclosure that the action of claimant in that case tended to benefit the employer. In Marby Const. Co. v. Merritt, supra, we recognize the rule that an employee may be within the phrase "arising out of and in the course of the employment" even though the accident causing the injury may not be directly connected with the employment, where the employer as a practice or custom permitted such acts leading to the accidental injury.

We have held that an injury arises out of the employment when it results from a risk reasonably incident to the employment; and, an injury is received in the course of the employment when it happens while the workman is doing the duties which he is employed to perform. Standard Paving Co. v. Newman, 194 Okla. 166, 147 P. 2d 983; Natol v. Booth & Flinn Co., 139 Okla. 103, 281 P. 264; Consolidated Pipe Line Co. v. Mahon, 152 Okla. 72, 3 P. 2d 844, and State Highway Commission v. Koon, 185 Okla. 161, 90 P. 2d 889.

The petitioners argue in this connection that this court will review the evidence and determine as a jurisdictional question the disputed fact as to whether the farm boss had the authority to order the repairs, or whether claimant was ordered to make the repairs. In support of this proposition petitioners cite Tulsa Rig & Reel Mfg. Co. v. Case, 176 Okla. 262, 55 P. 2d 777, and related cases.

The cases involving master and servant are not in point. There is no dispute as to whether or not claimant was the employee of the employer. In Standish Pipe Line Co. v. Johnson, 197 Okla. 238, 169 P. 2d 1018, the court said:

"The true rule was expressed by this court in Oklahoma Gas & Electric Co. v. Santino, 158 Okla. 70, 12 P. 2d 221, as follows:

" 'The question of whether an injury arose out of and in the course of employment is one of fact to be determined by the Industrial Commission under the circumstances of each particular case, and, where there is any testimony reasonably tending to support its finding, it will not be disturbed on an application to vacate the award.' "

See, also, Sinclair Prairie Oil Co. v. Stevens, 194 Okla. 109, 148 P. 2d 176; Shell Oil Co., Inc., v. Thomas, 202 Okla. 190, 211 P. 2d 263.

The State Industrial Commission was justified in believing the evidence which tended to show that the repairs made by claimant were at the direction of the farm boss, and that he was authorized to direct claimant to make the repairs and therefore the injuries were an incident to the work for which claimant was employed.

Petitioners also argue that the evidence discloses at most that claimant was a loaned servant. There is no evidence that claimant was loaned to the Southwestern States Telephone Company at the request of the company or anyone else. The evidence is to the effect that he was directed to make the repairs to the line for the benefit of the employer. This distinguishes the case under consideration from Thomas v. Great Western Mining Co., 150 Okla. 212, 1 P. 2d 165, and Wylie Stewart Machinery Co. v. Thomas, 192 Okla. 505, 137 P. 2d 556, cited in support of this proposition by petitioners.

Finding no error requiring a reversal of the proceedings the award is sustained.

HALLEY, V.C.J., and CORN, JOHNSON, and BINGAMAN, JJ., concur.