**Harvey LYDAY, Plaintiff in Error,**

**v.**

**W. J. HOLLOWAY, Defendant in Error.**

**No. 36812.**

Supreme Court of Oklahoma.

Sept. 27, 1955.

Rehearing Denied Jan. 31, 1956.

Quinn Dickason, Tulsa, for plaintiff in error.

· Sanders & McElroy, Tulsa, for defendant in error.

PER CURIAM.

Plaintiff brought this action in the District of Tulsa County to recover damages for personal injuries. Defendant filed special appearance and plea to the jurisdiction of the district court on the ground that the accident complained of was an industrial accident over which the State Industrial Commission has sole and exclusive jurisdiction, which plea was sustained by the lower court. From judgment of dismissal entered, plaintiff appeals.

The parties occupy the same relative positions here as in the trial court and will be referred to as they therein appeared.

Plaintiff is an employee of the Holloway Material and Supply Company, a corpora-

tion, hereinafter called "company". Defendant is an officer and employee of said company. The company has two places of business, designated respectively as yards No. 1 and 2 both in the City of Tulsa, Oklahoma, and falls within the purview of the Workmen's Compensation Act, 85 O.S.1951 § 1 et seq., and under the jurisdiction of State Industrial Commission. On July 16, 1954, after work hours, plaintiff suffered personal injuries as the result of an accident, wherein defendant was driving a company truck from yard No. 2 to yard No. 1, plaintiff being a passenger thereon, and which truck was involved in a collision at a street intersection.

Plaintiff testified that he was employed by said company; that he lived northeast of yard No. 2; that yard No. 1 was in the opposite direction from this place of abode; that he never at any time, worked at yard No. 1; that he came to and from his work by his own means of transportation; that on the particular day in question his automobile was broken down and after the close of working hours he requested a ride to town on the truck in order to get a transmission for his car. There is no evidence that he had directions or instructions to ride with defendant. There is no evidence of an express or implied contract by defendant or the Holloway Material and Supply Company to transport this plaintiff to and from work. There is some evidence that others of the employees of said company were permitted to ride this truck to and from work. However, this plaintiff had never before ridden said truck; it was going in the opposite direction from his home; he was not going to yard No. 1 to work for the company, but was merely riding on the truck as a means of transportation on a private mission of his own. It is alleged that when defendant reached Archer street where there was a stop sign, he failed to heed said stop sign but continued on into the intersection at which time a car coming from the east ran into the truck driven by defendant, throwing plaintiff to the pavement and inflicting upon him severe and painful injuries.

The fact situation alleged in the case at bar is so nearly analogous to that in the case of A. & E. Lumber Co. v. Atkinson, 184 Okl. 530, 88 P.2d 634, that the rule set forth in Court's syllabus therein is applicable herein.

The judgment of the trial court dismissing the action is reversed and the cause remanded with directions to proceed in accordance with the views therein expressed.

WILLIAMS, V. C. J., and WELCH, CORN, DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.

"The Court acknowledges the aid of the Supreme Court Commission in the preparation of this opinion. After a tentative opinion was written by Commissioner JEAN R. REED and approved by Commissioners J. W. CRAWFORD and JAMES N. NEASE, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court."