# L. E. TORREY v. MIDLAND COOPERATIVES, INC., AND ANOTHER.

93 N. W. (2d) 135.

November 14, 1958—No. 37,488.

Reynolds & McLeod, for relators.

Gerald E. Magnuson and Larson, Loevinger, Lindquist, Freeman & Fraser, for respondent.

FRANK T. GALLAGHER, JUSTICE.

Certiorari upon the relation of employer and insurer to review a decision of the Industrial Commission reversing part of the determination of the referee.

The facts in support of his position were presented by employee, and no evidence was offered by employer or its insurer. The employer was engaged in the business of supplying products to cooperatives and had a number of warehouses. The employee held the position of manager of warehousing operations. His duties included responsibility for receiving, storage, and shipment of merchandise in Minneapolis and in branch offices at Milwaukee and Mason City. He also had supervision of custodial and maintenance help including janitors and watchmen and was responsible for all of the repairs on maintenance in those buildings,

plus the office building of his employer.

The building in which the accident in question occurred is located at 2101 Kennedy Street N. E., Minneapolis. It included, besides the warehouse, employee's office, an order department, a service and a maintenance shop. There was at least one employee, a watchman, on duty at the warehouse 24 hours a day 7 days a week. Although the hours of most other employees were from 7:45 a. m. to 4:15 p. m., 5 days a week, the employee's hours were irregular, due to his managerial position. Along with his other duties he was specifically in charge of the Minneapolis warehouse. From time to time, scrap lumber and other material would accumulate there and part of his duties were to dispose of the scrap and keep the warehouse clean.

On Sunday, August 21, 1955, between 9:30 and 10 a. m. the employee went to the Minneapolis warehouse for three undisputed reasons, according to his testimony; (a) to talk with and check on the watchman-janitor who was on duty at the time; (b) to help in the process of cleaning up the maintenance shop; and (c) to pick up some salvage materials he was purchasing for his personal use. After arrival at the warehouse he stated that he looked up the janitor-watchman but found that he was in the basement running a noisy compressor so he did not talk with him at that time. The employee then went to the maintenance shop where the lumber materials, certain supply items, and numerous power tools, including a power saw, were located. While there, the janitor-watchman came to that room and the employee talked with him for some time. As he was doing so the employee proceeded to cut the scrap lumber to size on the power saw. He testified that some of it was in 16-foot lengths "which made it rather difficult to carry them down the elevator" and that inasmuch as he had to cut the lumber he was cutting it in lengths required for the intended use in connection with the construction of a "shack" he was building for his young son.

The referee found, among other things, that the employee suffered personal injury to his right thumb and his right index and middle fingers while in the act of using a power saw to cut certain wood purchased from the employer for his own personal use but that the injury did not arise out of and in the course of his employment. On appeal the commission reversed part of the referee's findings and found that the injury

did arise out of and in the course of the employee's employment.

The sole question presented on appeal is whether the injury sustained by the employee arose out of and in the course of his employment. The employer and insurer assign the commission's findings on that point as error as a matter of law.

The employer and insurer contend that the injury to the employee under the circumstances here did not arise out of and in the course of his employment; first, because the latter incurred increased risk of injury not contemplated by his employment contract when he operated the power saw involved; and secondly, because he was performing an act purely personal to himself at the time of the injury.

In connection with his first point the employer and insurer argue that an employee who assumes an unnecessary position of peril which is outside his regular employment and is injured as a result thereof is not entitled to compensation. They contend that such an employee may not unnecessarily increase the risk of injury to himself beyond that reasonably contemplated by the employment contract and that, if he sustains an injury while performing an act not reasonably contemplated, the injury does not arise out of and in the course of his employment, citing 7 Schneider, Workmen's Compensation (Perm. ed.) § 1646; Rautio v. International Harvester Co. 180 Minn. 400, 231 N. W. 214, and other cases where it was claimed that the employee went beyond the scope of his employment and incurred a risk not within the contemplation of the employment contract. While we have no argument with the legal principles stated in the above-cited authorities, we do not consider them controlling under the particular facts and circumstances in the case before us.

There was undisputed testimony here that all employees were authorized to use the power equipment, although it was primarily used by the maintenance man, and that while the duties of the employee did not directly involve the operation of the power saw he had operated it on previous occasions when he was in the shop checking on a project or helping with a particular project. We cannot say under such a record that the mere fact that he happened to be sawing the lumber which he had purchased from the employer for his own personal use made the situation different from what it would have been if he had been

sawing it for someone else who had made a similar purchase from the employer.

Employer and insurer stress El Reno Mill & Elev. Co. v. Kennedy, 149 Okl. 303, 300 P. 382, as supporting their position. There the employee was injured while cutting a board for his private use on the employer's power saw. His regular duties did not require him to use the saw. In denying compensation that court said that the employee left his duties and was sawing lumber which was not to be used by his employer and had no connection with the work the employee was instructed to perform. We do not regard the similarity of the sawing incident in that case as controlling here as it is undisputed that this employee was justified in being at the warehouse in connection with his duties at the time the injury occurred and that he had used the saw before in connection with some of his employer's business.

We have repeatedly said that it is the function of this court upon appeal from a decision of the Industrial Commission to determine whether the evidence is such that the commission might reasonably have come to the conclusion which it did. If so, the findings will not be disturbed unless they are manifestly contrary to the evidence or unless consideration of the evidence and inferences permissible therefrom would clearly require reasonable minds to adopt a contrary conclusion. Sorensen v. P. H. Thompson & Son, 248 Minn. 280, 79 N. W. (2d) 673; Balow v. Kellogg Co-op. Creamery Assn. 248 Minn. 20, 78 N. W. (2d) 430; 21 Dunnell, Dig. (3 ed.) § 10426.

We hold, under the record here, there was evidence to reasonably sustain the findings of the commission.

Costs and disbursements and attorneys' fees in the sum of $250 in connection with the proceedings here are allowed the employee.

Affirmed.