LaVERNE BENNETT v. LANCE E. BARTLETT AND ANOTHER.

103 N. W. (2d) 194.

May 20, 1960—No. 37,932.

*McLeod & Gilmore,* for relators.
*Michael J. Priestley,* for respondent.

---

[5]M. S. A. 163.01.
[6]See, 16 Dunnell, Dig. (3 ed.) § 8454.

FRANK T. GALLAGHER, JUSTICE.

Certiorari upon the relation of employer and insurer to review a decision of the Industrial Commission reversing part of the determination of the referee. The referee found in substance that the employee suffered an injury arising out of and in the course of his employment which resulted in a right hernial condition. Also that he was later afflicted with a left hernial condition but that the left hernial condition was not causally related to his employment. The commission found that the employee suffered personal injury arising out of and in the course of his employment resulting in both a right and left inguinal hernia.

The employer and insurer admit that the employee's right hernia arose out of and in the course of his employment. However, they contend that the left hernia did not arise out of and in the course of his employment and that the commission erred as a matter of law in finding that it did. They contend that there is no evidence to support said finding.

This court has repeatedly stated that in reviewing a decision of the Industrial Commission it is our function to determine whether the evidence is such that the commission might reasonably have come to the conclusion it did. If so, the findings will not be disturbed unless they are manifestly contrary to the evidence, or unless consideration of the evidence and inferences permissible therefrom would clearly require reasonable minds to adopt a contrary conclusion. Torrey v. Midland Co-op. Inc. 253 Minn. 489, 93 N. W. (2d) 135; Balow v. Kellogg Co-op. Creamery Assn. 248 Minn. 20, 78 N. W. (2d) 430.

Under the record here, it appears that employee, on October 27, 1958, was struck by the box and handle of a wheelbarrow which tipped as he was engaged in pushing it. He was struck in the midline and upper right inguinal region and felt sick to his stomach at that time. A few days later he was shoveling sand and again felt sick. On November 5, when the employee was lifting a frozen chunk of dirt, he said that something "jumped out" on the right side. He felt a pain but continued to work. He testified that the first occurrence of the hernia condition was on October 27 when he was struck by the box and handle

of the wheelbarrow and that he noticed for sure on November 5 that he had a rupture. With respect to the left side he testified:

"Q. You never noticed any popping out of anything on the left side did you?

"A. No, nothing popping out on the left side. The right side, it was worse."

It is reasonable to infer from the foregoing that he did feel pain on the left side but that the right side was worse.

The employee first went to Dr. Richard Weber on November 21, 1958. The doctor diagnosed his case at that time as bilateral inguinal hernia—on the right side and left side. He subsequently performed an operation on the right side on December 17, 1958, followed by an operation on the left side on December 22. He testified that the practice of treating this condition by two operations was a personal method with him although it could be done in a single operation. He also said that a blow of some kind or an unexpected strain could cause this type of hernia.

Dr. John Fenney, called by the employer and insurer, testified that it was not unusual to perform two operations for a bilateral hernia. In his opinion the right hernia occurred when the employee felt something pop out in the right inguinal region. However, it was his further opinion that there was no causal connection between that and the left hernia. He based this opinion on the fact that the employee had been "struck over the right upper inguinal region and over the mid-line of the abdomen and also due to the fact that the man himself says he did not have any discomfort or pain in the left groin, nor did he feel or see any lump or swelling in the left groin." We fail to find from the record that the employee did not feel any discomfort or pain in the left groin, rather the opposite inference is permissible. At the best there is a conflict of expert opinion here. The ascertainment of the cause of an injury may be based on evidence which furnishes a reasonable basis for an inference; and further, the ailment may be held to be caused by an injury if it follows immediately from the injury, although there is a difference of opinion among medical authorities as to the cause of such a disease or ailment. See, 21 Dunnell, Dig. (3 ed.) § 10406.

In its memorandum the commission indicated that a close question of fact was presented but that the evidence was in favor of the employee and he had overcome his burden of proof.

Under this record we cannot say that the findings are manifestly contrary to the evidence or that a consideration of the evidence and the inferences permissible therefrom clearly would require reasonable minds to adopt a contrary conclusion.

Respondent is allowed $250 attorneys' fees.

Affirmed.