Silas B. LOUIS, Petitioner,

v.

ALTON METAL PRODUCTS COMPANY, Casualty Insurance Company of California, a Corporation, and the State Industrial Court of the State of Oklahoma, Respondents.

No. 41399.

Supreme Court of Oklahoma.

Nov. 23, 1965.

Ben N. Hatcher, Oklahoma City, for petitioner.

Looney, Watts, Looney, Nichols & Johnson, Charles R. Nesbitt, Atty. Gen., Oklahoma City, for respondents.

BLACKBIRD, Justice.

This is an original proceeding by Silas B. Louis, claimant, to review an order of the State Industrial Court denying his claim for compensation against his employer, Alton Metal Products Company, and its insurance carrier, Casualty Insurance Company of California.

The claimant filed his claim in the State Industrial Court alleging that on July 22, 1964, while employed by the respondent and in the course of his employment, he sustained an accidental injury to his "lungs, eyes, face, throat and other injuries, spit up blood, burned both arms, face and eyes."

After a hearing a trial judge of that Court entered an order denying the claim. The pertinent part of said order is as follows:

"That claimant did not sustain an accidental personal injury, arising out of and in the course of his hazardous employment with the above named respondent, as alleged in his Form 3, or Employee's First Notice of Injury and Claim for Compensation; and therefore, claimant's claim for compensation should be and the same is hereby denied."

The claimant appealed the order to the State Industrial Court en banc, where it was adopted and affirmed.

The evidence shows that the claimant was employed as a painter for respondent. On July 22, 1964, he was spray-painting shelves and, when the paint fumes started blowing in his nose, eyes and mouth, he attempted to use a mask, or respirator, but discarded

it, because it was worn out and didn't help keep the paint and fumes out of his face. Claimant worked all day painting with the spray gun. He testified that when he finished spray-painting that day he told his employer, Mr. Wittles, that the painting had affected his eyes, face, neck and chest, and he desired to see a doctor for treatment. Respondents' evidence showed that the first time notice was received of any injury to claimant was when the present action was commenced in the State Industrial Court on October 9, 1964. Respondents' medical evidence showed that the claimant suffered no injury as a result of the spray-painting on July 22, 1964.

It is the position of claimant that the trial judge and the State Industrial Court en banc did not review all of the transcript, testimony, medical records and evidence in the case. In support of his position he cites Socony Mobil Oil Co. v. Cox, Okl., 372 P.2d 8; Sharp v. Redco Corp., Okl., 355 P.2d 856; Tillery & Jones v. Sigler, Okl., 265 P.2d 484; and Midland Co-op. Wholesale v. Brown, 207 Okl. 441, 250 P.2d 34.

In the Sharp and Socony Mobil Oil Company cases, supra, this Court held that findings of the State Industrial Court regarding the cause and extent of injuries of a claimant will not be disturbed on review if there is competent evidence supporting them. In Midland Co-op. Wholesale v. Brown, supra, this Court considered the question of whether or not the injury arose out of and in the course of employment, and held that the findings of the State Industrial Court will not be disturbed if supported by competent evidence.

None of the cited cases support claimant's position. This Court has many times held that a determination by the State Industrial Court of whether a claimant has sustained an accidental injury arising out of and in the course of his employment, will not be disturbed on appeal, if there is competent evidence to support it. Skaggs v. Bennett Van & Storage, Inc., 204 Okl. 32, 226 P.2d 419.

From a review of the evidence, we conclude that the order of the State Industrial Court is supported by competent evidence.

The order denying the award is sustained.

Concurred in unanimous by all Justices.