Silas B. LOUIS, Petitioner,

v.

**ALTON METAL PRODUCTS COMPANY,**
Casualty Insurance Company of California,
a corporation, and the State Industrial
Court of the State of Oklahoma, Respondents.

No. 41400.

Supreme Court of Oklahoma.

Dec. 28, 1965.

Ben N. Hatcher, Oklahoma City, for petitioner.

Looney, Watts, Looney, Nichols & Johnson, Charles R. Nesbitt, Atty. Gen., Oklahoma City, for respondents.

WILLIAMS, Justice:

This is an original proceeding by Silas B. Louis, claimant, to review an order of the State Industrial Court denying his claim for compensation against his employer, Alton Metal Products Company, and its insurance carrier, Casualty Insurance Company of California.

The claimant filed his claim before the State Industrial Court alleging that on September 24, 1964, while employed by the respondent and in the course of his employment he sustained an injury to the small part of his back, left hip and left leg.

After a hearing, a trial judge of the State Industrial Court entered an order denying the claim. The pertinent part of said order is as follows:

"That claimant did not sustain an accidental personal injury, arising out of and in the course of his hazardous employment with the above named respondent, as alleged in his Form 3, or Employee's First Notice of Injury and Claim for Compensation; and therefore, claimant's claim for compensation should be and the same is hereby denied."

The claimant appealed the order to the State Industrial Court en banc, where it was adopted and affirmed.

The evidence shows the claimant was employed by the respondent, and on September 24, 1964, the claimant and a fellow employee were lifting a piece of sheet

metal up to a cutting table. The sheet of metal was about twelve feet long and three to four feet wide and weighed approximately 250 pounds. The claimant and his fellow employee got hold of each end of the piece of sheet metal and when claimant lifted his end of the piece of metal on top of the table his back "jerked" him and he allegedly received a strain in his left hip and leg. The claimant stated he told his employer about this injury on October 3, 1964, and requested medical attention. Mr. Wittels, owner of Alton Metal Products Company, testified that he had no independent recollection of events on September 24, 1964, but that he was not advised by claimant of any injury nor of any need for medical care.

It is the position of the claimant that the trial judge and the State Industrial Court en banc did not review all of the transcript, testimony, medical records and evidence in the case. In support of his position he cites Sharp v. Redco Corporation, Okl., 355 P.2d 856; Tillery & Jones v. Sigler, Okl., 265 P.2d 484; Midland Co-Op Wholesale et al. v. Brown, 207 Okl. 441, 250 P.2d 34; and Socony Mobil Oil Company v. Cox, Okl., 372 P.2d 8.

In Sharp v. Redco Corporation, supra, Tillery & Jones v. Sigler, supra, and Socony Mobil Oil Company, supra, this court held that findings of the State Industrial Court regarding the cause and extent of injuries of the claimant will not be disturbed on review if there is competent evidence supporting such findings. In Midland Co-Op Wholesale et al. v. Brown, supra, this court considered the question of whether or not the injury arose out of and in the course of employment and held that the findings of the State Industrial Court will not be disturbed if supported by competent evidence. None of the cited cases support the position of the claimant.

The pertinent part of the claimant's medical evidence is as follows:

"Impression: It is my opinion that Mr. Lewis has suffered an injury to the lumbar spine region resulting in a chronic back condition. It cannot be stated that the injury produced the partial collapse of the lumbar vertebra however it is very likely could have caused it as well as aggravation of the arthritic condition which is present. It is my opinion he has suffered an acute and chronic low back strain and sprain. * * *

"Disability: Mr. Lewis has a 30% permanent partial disability to the body as a whole for the performance of ordinary manual labor as a result of the injury he received on September 24, 1964."

The pertinent part of the respondents' medical evidence is as follows:

"It is my opinion, this man does not require any treatment due to his accident of September 24, 1964; his temporary total disability, if any, has ended; it is my feeling further that he has no aggravation of any pre-existing condition in his back; and I feel further that he has no permanent partial disability to any portion of his body for the performance of ordinary manual labor due to the accident of the above stated date."

There is no evidence in the record that the claimant suffered any temporary disability from the alleged accident. The medical evidence as to whether claimant suffered any permanent partial disability is in conflict. There is medical evidence that the claimant does not require any medical treatment.

■ This Court has held many times that where the disability alleged to exist is of such character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science and must be proved by the testimony of expert persons, and a finding of fact based thereon when supported by competent medical evidence will not be disturbed on review. Bill Morris Tank Company et al. v. Martin et al., Okl., 349 P.2d 15.

There is sufficient evidence reasonably tending to support the finding of the State Industrial Court that the claimant did not sustain an accidental personal injury arising out of and in the course of his employment on September 24, 1964.

The order is sustained.