## MEAD BROS., Inc., et al. v. STATE INDUSTRIAL COM. et al.

No. 21033. Opinion Filed Sept. 9, 1930.

Sam A. Neely, Burns McCain, and Rayford S. Reid, for petitioners.

Fred M. Hammer, M. J. Parmenter, and J. Berry King, Atty. Gen., for respondents.

ANDREWS, J. This is an original proceeding in this court to review an award of the State Industrial Commission in favor of the respondent J. O. Perry against the petitioners herein.

The State Industrial Commission found that the respondent sustained accidental personal injuries arising out of and in the course of his employment with the petitioner, Mead Brothers, Inc., and made an award in his favor. The petitioners here contend that the respondent was not injured during the course of his employment and that his injuries did not arise out of his employment.

The record discloses that the respondent worked for Mead Brothers, Inc., firing boilers at a drilling well west of Stillwater, Okla.; that on the day in question he was riding from Stillwater to the place of work in an automobile belonging to the driller; and that when about six miles from the location of the work the automobile turned over and the respondent sustained the personal injuries for which the award was made. As to those facts there is no dispute.

The respondent contends that:

"Where transportation is furnished by the employer, either under an express or implied agreement, and the employee, while going to or coming from work, sustains an accidental personal injury, such injury arises out of and in the course of the employment within the meaning of the Workmen's Compensation Act."

In support of that contention respondent, in his brief, says:

"Although the record does not show that there was an express agreement in the contract of employment to transport the respondent to and from work, the record does show there was an implied agreement to do so under the rules set forth in the cases heretofore set out. The fact that the place of work was a great distance from available living quarters, that it was the custom of this driller to haul the other employees to the well, and the further fact that the company would not hire a driller unless he had an automobile, all support the proposition that there was a tacit or implied agreement on the part of the company to furnish transportation to its employees in this particular case."

That is a direct admission that there was no evidence of an express agreement on the part of Mead Brothers, Inc., to transport the respondent to the place of work. We will not concern ourselves with the law applicable to cases where such an agreement existed.

Since the agreement, if any, for the transportation of the respondent is an implied agreement, the existence of such an agreement is a matter of law and not a matter of fact. The agreement, if any, can be implied from the facts only as a matter of law. We are, therefore, not concerned with the authorities cited by respondent that a finding of fact, made by the State Industrial Commission, is conclusive upon this court. The award of the State Industrial Commission, as shown by this record, was not made on a question of fact, but was made upon the conclusion of the State Industrial Commission that an agreement to transport was implied from the facts.

An examination of the record discloses nothing from which this court can conclude that an agreement to transport the respondent is implied. The fact that the place of work was a great distance from available living quarters was a hardship upon respondent, but that was a matter in which the employer was in no wise interested. The employer employed this man to fire boilers. How he reached the place of work was a matter for his own determination. That one of his colaborers was accustomed to haul him and other employees to the place of work cannot be considered as any evidence that the employer agreed to transport him to his work. The fact that the employer would not hire a driller unless he had an automobile is no evidence that the employer agreed to transport him to his work. It may be that the employer expected the driller to use his automobile in transporting tools and other equipment to and from the place of work and it may be that the requirement that the driller have an automobile was for that or some other purpose. It cannot be implied that, because a driller was required to have an automobile, the driller was required to transport other employees.

The fact that respondent did not have an automobile of his own is of no significance.

This court is not willing to say that the employment of a laborer imposes upon the employer any responsibility for the safety of that laborer in going to and from the place of work, in the absence of a specific or implied agreement for transportation, or that such an agreement will be implied from the fact that the place of work was a great dis-

tance from available living quarters, that it was the custom of one of the employees to transport the other employees to the place of work, or that the employer would not hire a driller unless he had an automobile.

Our attention is called to no case announcing such a doctrine, and we have found none.

The Workmen's Compensation Act, section 7285, C. O. S. 1921, provides for compensation for injuries to an employee "* * * arising out of and in the course of his employment."

There was substantial evidence to show that the injury complained of in this case did not arise out of and in the course of the employment of the respondent, within the meaning of that section.

The State Industrial Commission was in error in its conclusion of law that an agreement to transport the respondent was implied from the facts shown.

The respondent contends that,

"The petitioners were precluded from denying liability hereunder for the reason that they failed to file a denial of liability within ten days after the claim for compensation has been filed."

Respondent contends that a rule of the State Industrial Commission required the petitioner to file a denial of liability within ten days, and that otherwise the allegations made by the claimant would be admitted. It is unnecessary for us to determine whether or not that rule applies to anything other than allegations of fact, for the reason that the rule, having been made by the State Industrial Commission, might be relaxed by the State Industrial Commission. Glasgow v. State Industrial Commission, 120 Okla. 37, 256 Pac. 138. The State Industrial Commission did not apply such a rule in this case, but heard the evidence of the respondent, permitted the petitioner to cross-examine the witnesses, ruled on his objections, and made its order on the record so made. Since the rule contended for by respondent was not applied by the State Industrial Commission, it is not necessary for this court to determine the effect of the rule. The respondent did not appeal, and therefore cannot complain of the failure of the State Industrial Commission to apply one of its rules. A rule of the State Industrial Commission, called to the attention of the State Industrial Commission during a hearing and not applied by the State Industrial Commission therein, may not be used as a defense by a respondent in this court, and the failure of the State Industrial Commission to

apply the rule may be presented only by a petitioner or cross-petitioner in this court.

The award of the State Industrial Commission is vacated, and the cause is remanded to the State Industrial Commission with directions to dismiss the proceedings.

MASON, C. J., LESTER, V. C. J., and HUNT, CLARK, HEFNER, CULLISON, and SWINDALL, JJ., concur. RILEY, J., absent.