Emma Jo NOVAK, Petitioner,

v.

John V. McALISTER, doing business as McAlister Materials, Central Surety Company and the State Industrial Commission of the State of Oklahoma, Respondents.

No. 36868.

Supreme Court of Oklahoma.

June 26, 1956.

Rehearing Denied Sept. 11, 1956.

Schwoerke & Schwoerke, Kittie C. Sturdevant, Oklahoma City, for petitioner.

Savage, Gibson, Benefield & Shelton, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

JACKSON, Justice.

This is an original proceeding brought by petitioner, Emma Jo Novak, hereinafter called claimant, to review an order of the State Industrial Commission denying her claim for compensation against the respondents, John V. McAlister and Central Surety Company.

The Commission's order denying the claim was based on a finding that the alleged injury did not arise out of nor in the course of claimant's employment.

The record discloses that claimant had left the premises where she was employed and had gone to a cafe for lunch on her own time. She sustained an injury upon her return from lunch when, immediately after alighting from an automobile, she slipped and fell in the public street at a point directly in front of the entrance to the building where she was employed. The claimant's fall was caused by her stepping on some loose gravel that had been left in a small area in the street by employees of the city of Oklahoma City, who had recently installed parking meter posts along the street curb. This area was marked off by temporary traffic barriers which had been placed parallel to the curb. The sidewalk running in front of the employer's premises could be reached from the street at either end of the barriers with no added inconvenience and in doing so, the loose gravel in the street would be avoided.

Ordinarily, an injury sustained by an employee while going to or from the premises where he is employed is not one arising out of and in the course of his employment. R. J. Allison, Inc., v. Boling; 192 Okl. 213, 134 P.2d 980.

This court has recognized exceptions to this general rule, such as: (1) where transportation to and from work is furnished by the employer; and (2) where the employee, on his way to or from work, is still charged with some duty or task in connection with his employment. Other courts have recognized an exception to the rule where the only way of access to the em-

**236**

ployer's premises presents a danger to which the employee is peculiarly subjected and thus constitutes an added risk incidental to the employment.

Claimant invites our attention to cases coming under the latter exception.

In Cudahy Packing Co. of Nebraska v. Industrial Commission of Utah, 60 Utah 161, 207 P. 148, 28 A.L.R. 1394, appealed to the United States Supreme Court, 263 U.S. 418, 30 A.L.R. 532, 68 L.Ed. 366, the employee was fatally injured while crossing a railroad track which was off the premises of the employer. It was shown there that the employee could not reach the employer's premises or leave therefrom without crossing the railroad track.

In Freire v. Matson Nav. Co., Cal., 118 P.2d 809, the claimant was employed as a janitor on a steamship. He did not reside on the ship when it was moored but reported for duty each day at the steward's office aboard the vessel. He was injured, in attempting to reach the ship, while alighting from a taxicab on the bulkhead in front of the pier where the ship was moored. The only access to the pier and the ship was by way of the bulkhead. It was there held that the danger encountered by the employee was one to which he was peculiarly subjected by reason of and in connection with his employment and that, for that reason, there was a causal relationship between the accident and the employment.

The above cited cases, if persuasive in Oklahoma, are not in point with the instant case. The claimant herein was not necessarily subjected to the dangerous condition in the street in reaching her employer's premises since, with equal facility, she could have reached the premises without walking through the loose gravel.

 An injury does not arise out of the employment within the meaning of our Workmen's Compensation Act, 85 O. S.1951 § 1 et seq., unless it resulted from a risk reasonably incident to the employment, and unless there is apparent to the

rational mind, upon a consideration of all the circumstances, a causal connection between the conditions under which the work is being performed and the resulting injury. State Highway Commission v. Koon, 185 Okl. 161, 90 P.2d 889.

 Under the facts and circumstances of this case, the claimant did not sustain an accidental injury arising out of a risk incidental to her employment, and the finding of the Commission that she did not sustain an accidental injury arising out of and in the course of her employment is supported by the evidence.

The order denying the claim is sustained.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON, HALLEY, BLACKBIRD and HUNT, JJ., concur.