**JANGER PRODUCE COMPANY and General Bonding and Insurance Company, Petitioners,**

v.

**Grace L. LEE and the State Industrial Commission, Respondents.**

No. 37351.

Supreme Court of Oklahoma.

Oct. 23, 1956.

Rehearing Denied Dec. 4, 1956.

Dudley, Duvall & Dudley, Oklahoma City, for petitioners.

Charles W. Stubbs, John R. Couch, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, Justice.

Grace L. Lee, hereinafter called claimant, filed her first notice of injury and claim for compensation stating that she sustained an accidental injury arising out of and in the course of her employment with Janger Produce Company on March 12, 1955 when she injured her spine and lower back. On March 26, 1956, the State Industrial Commission entered an award in part as follows:

"That claimant sustained an accidental personal injury, arising out of and in the course of her hazardous employment with the above named respondent, on March 12, 1955, consisting of an injury to her upper spine and an aggravation to her prior spondylolesthesis in lower spine.

"That at the time of said injury, claimant's wages were sufficient to fix her rate of compensation at $28.00 per week; that claimant was temporarily totally disabled from March 12, 1955, to April 12, 1955, for which period of time claimant is entitled to compensa-

tion for 3 weeks and 4 days in the amount of $102.67, which shall be paid in a lump sum.

"That as a result of said injury, claimant has sustained 5 per cent permanent partial disability to the body as a whole, by reason of her upper back injury, and 5 per cent permanent partial disability to the body as a whole, by reason of her low back injury, for which she is entitled to compensation for 50 weeks at $28.00 per week, or the total amount of $1400.00, all of which shall be paid in a lump sum."

This proceeding is brought by Janger Produce Company and its insurance carrier, General Bonding and Insurance Company to review the award.

Claimant testified that on March 12, 1955, she was employed at the Janger Produce Company in Oklahoma City; that she worked about eight days candling eggs; that she never worked on Saturday; that Sam Janger came in and said there would be work to do on Saturday and wanted to know if she could come down and she told him yes. While driving to work from her home at 1817 N.W. 30th in Oklahoma City a collision occurred at Main and Shartel resulting in her disability. She was taken to a hospital in Oklahoma City where she was hospitalized for seventeen days. The accident occurred at 6:45 a. m. The usual time to report to work was 7 a. m.

Sam Janger and Harry Janger testified that they were partners operating the Janger Produce Company; that some of the employees worked on Saturday and some of them did not; that some of the employees reserved Saturday for shopping; that it was entirely up to the employees whether or not they worked on Saturday; that they paid from Friday until Friday of each week. Sam Janger testified that claimant worked the Saturday before the one on which she was injured; that Saturday was a regular work day.

■ In two propositions petitioners argue that there is no competent evidence in the record showing or tending to show that the injury received by the claimant arose out of and in the course of the employment with petitioner. We agree. In Mead Bros., Inc., v. State Industrial Commission, 144 Okl. 279, 291 P. 571, it is stated:

"In the absence of an agreement, express or implied, to transport an employee to the place of work, the employer is not responsible for an injury sustained by the employee in traveling to the place of work."

We have had occasion to consider this question in Novak v. McAlister, Okl., 301 P.2d 234, 235, wherein an employee was injured when returning from lunch. Therein this court announced the exceptions to the rule that an employee going to and from work does not sustain an accidental injury arising out of and in the course of employment. Therein it is stated:

"Ordinarily, an injury sustained by an employee while going to or from the premises where he is employed is not one arising out of and in the course of his employment. R. J. Allison, Inc., v. Boling, 192 Okl. 213, 134 P.2d 980.

"This court has recognized exceptions to this general rule, such as: (1) where transportation to and from work is furnished by the employer; and (2) where the employee, on his way to or from work, is still charged with some duty or task in connection with his employment. * * *"

■ Under the rule announced in the above case an examination of the testimony discloses that there is no evidence that the claimant sustained an accidental injury arising out of and in the course of her employment. The award therefore cannot be sustained.

The award is vacated and the cause remanded to the State Industrial Commission with directions to dismiss the claim.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, HALLEY, BLACKBIRD, JACKSON and CARLILE, JJ., concur.