**J. D. DAWSON, Petitioner,**

v.

**OKLAHOMA CITY CASKET COMPANY, Consolidated Underwriters, and the State Industrial Commission, Respondents.**

No. 37810.

Supreme Court of Oklahoma.

Feb. 4, 1958.

Rehearing Denied March 11, 1958.

Dick Hansen, Oklahoma City, for petitioner.

Butler, Rinehart & Morrison, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

JOHNSON, Justice.

On February 6, 1957, J. D. Dawson, petitioner herein, filed a claim for compensation against Oklahoma City Casket Company, referred to herein as respondent, and its insurance carrier, Consolidated Underwriters, referred to herein as insurance carrier, in which he states that on January 15, 1957, while in the employ of respondent and engaged in the course of his employment he sustained an accidental injury consisting of a broken leg; that the injury occurred while he was walking across the street when a car driven by a third party struck him, hitting him on the leg.

Respondent and insurance carrier resisted the claim on the sole theory that the injury sustained by petitioner did not arise out of and in the course of his employment.

The trial judge at the close of the evidence, after finding that claimant sustained an accidental personal injury arising out of and in the course of his hazardous employment with the above named respondent within the terms and meaning of the Workmen's Compensation Law on January 15, 1957, 85 O.S.1951 § 1 et seq., consisting of an injury to his pelvis, right hip and right leg, further found:

"That as a result of said injury, claimant has been temporarily totally disabled from January 16, 1957, and is still temporarily totally disabled and in need of further medical treatment, care and attention, and is entitled to compensation for temporary total disability to be paid as follows: Compensation at the rate of $28.00 per week from January 16, 1957, to date, and to continue for and during claimant's period of temporary total disability, not to exceed 300 weeks, or until further order of this Commission; that claimant is entitled to be furnished such medical attention as may be necessary for correction of his condition due to said in-

jury, at the hands of a competent physician to be selected by respondent or insurance carrier."

The trial judge upon such finding entered an award in favor of petitioner awarding compensation for temporary total disability.

The Commission en banc on appeal vacated the award. It found that the injury sustained by petitioner did not arise out of and in the course of his employment, and upon such finding entered an order denying compensation.

Petitioner brings the case here for review and contends that the order is not supported by the evidence and is contrary to law.

It is stipulated that petitioner was an employee of the Oklahoma City Casket Company at the time he sustained his injury; that the business in which the casket company was then engaged is a business or occupation defined as hazardous by the Workmen's Compensation Law; that the petitioner on the date stated in his claim sustained an accidental injury, and as a result of such injury he was temporarily totally disabled; that the injury occurred when a car struck him while walking across the street to his home; that the sole question here involved is whether the injury sustained by petitioner arose out of and in the course of his employment.

The evidence shows that respondent at and prior to the time petitioner sustained his injury was engaged in the manufacture of caskets. Its principal place of business was located in Oklahoma City. Petitioner was employed by it as a bodyman lining and trimming caskets. His wage was $1.10 per hour; his working hours were from 8:00 a. m. to 4:45 p. m.

Respondent's building in which it conducted its business was steam heated. The heat was generated by the use of a coal furnace. On the day petitioner sustained his injury, a carload of coal which respondent had ordered arrived at Oklahoma City and was backed up on a spur track leading to respondent's place of business. Some time during the day upon which petitioner sustained his injury, Jay Grusendorf,

foreman for respondent, inquired of petitioner whether he would be willing to assist in unloading the coal after his regular hours of work; that he would pay him $20 to unload the coal and take him home after the work was finished, to which petitioner agreed. Mr. Grusendorf engaged other employees to assist in unloading the coal. Petitioner unloaded the coal from the car, and the other employees placed it in the basement of the building for use in the coal furnace.

Petitioner worked until ten o'clock that night but succeeded only in unloading one-half of the coal for which he was paid $10. After he quit working Grusendorf took petitioner in his car to a place directly across the street from petitioner's home where he left the car and proceeded to walk across the street to his home. As he was doing so, he was struck by an automobile being driven by a third party, causing the injury as above stated.

Petitioner on cross-examination, however, testified that he and Jay Grusendorf often traded rides to and from work; that his ride home on that particular evening was not a part of the consideration for working late, and that it just happened he did not have his car on that day; that he ofttimes took Jay Grusendorf home when they worked late, and that their furnishing each other rides was just a mutual convenience, and that there was nothing unusual about their trading rides in each other's cars when working late.

This, in substance, constitutes the evidence in the case. Respondent and insurance carrier contend that it is sufficient to sustain the finding of the Commission en banc that the injury sustained by petitioner did not arise out of and in the course of his employment.

■ The general rule is that an employer is not responsible for an injury sustained by an employee in traveling to or returning from his place of work. Mead Bros., Inc., v. State Industrial Commission, 144 Okl. 279, 291 P. 571; Oklahoma Natural Gas Corp. v. Union Bank and Trust Co.,

149 Okl. 12, 299 P. 159. Respondent and insurance carrier rely upon this general rule to sustain the order of the Commission en banc.

We have, however, held that there are exceptions to this rule. In R. J. Allison, Inc., v. Boling, 192 Okl. 213, 134 P.2d 980, 981, we held:

"The general rule that an injury suffered by an employee while on his way to or from his regular work does not arise 'out of and in the course of his employment', as that expression is used in the Workmen's Compensation Law (85 O.S.1941 § 11), does not apply where the employee sustains an accidental injury while going to or returning from his place of work (1) to perform a special task, outside his regular working hours, and at the request of his employer, or (2) where the employer agrees, as an incident to the employment, to transport the employee to and from his place of work."

See also Thurston Chemical Co. v. Casteel, Okl., 285 P.2d 403, and Anderson Const. Co. v. Franklin, Okl., 315 P.2d 785.

Petitioner contends that the evidence in this case brings it within the "special task" exception to the general rule above referred to. With this contention we agree.

The evidence in this case establishes that petitioner was requested to and did perform extra work outside of his regular working hours consisting of unloading coal, work other and different from the work he was required to do in the usual and ordinary course of his employment. He was engaged in performing a special task for the benefit of his employer at the time. he sustained his injury. The going and coming rule relied upon by respondent and insurance carrier is therefore not applicable. Under the above authorities petitioner's employment continued until he arrived at his home. While walking across the street on his way home from his work in the performance of a special task for the benefit of his employer, he sustained his injury. The injury arose out of and in the

course of his employment, and in ruling otherwise the Commission erred.

Order vacated for further proceedings in accordance with the views herein expressed.

CORN, V. C. J., and DAVISON, WILLIAMS and JACKSON, JJ., concur.

WELCH, C. J., and HALLEY and CARLILE, JJ., dissent.