Alfred (Fred) GROSSNICKLAUS, by Mary Grossnicklaus, Guardian, Petitioner,

v.

BIG X and/or Decem Drilling Company, Traders and General Insurance Company, and the State Industrial Court, Respondents.

No. 38887.

Supreme Court of Oklahoma.

Sept. 27, 1960.

**872**

Savage, Gibson, Benefield & Shelton, Oklahoma City, Allen & Williams, Chickasha, for petitioner.

George E. Fisher, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

HALLEY, Justice.

On the 18th day of September 1958, Alfred Grossnicklaus, hereinafter called claimant filed his first notice of injury and claim for compensation stating that while employed by Big X Drilling Company he sustained an accidental injury on September 9, 1957. The State Industrial Court denied an award and this proceeding is brought by the employee against the employer and its insurance carrier, Traders and General Insurance Company, to review the order denying an award. During the proceeding claimant was represented by

guardian who was substituted as claimant but reference to claimant shall mean Alfred (Fred) Grossnicklaus.

Claimant was a roughneck for employer. He, together with a drilling crew consisting of a driller, Ake, were drilling a well west of Moore, Oklahoma. The crew had an agreement, in which all participated, to share a car pool each driving his own car every fifth day. On September 9, 1957, it was claimant's time to drive. He left his home six miles south of Blanchard, Oklahoma, and it was his purpose to go to Norman, Oklahoma, pick up the driller, Ake, at his home, contact the rest of the crew at a cafe in Norman and pick up water at the ice plant in Norman and report to work at 8 a. m. He never reached Norman. On reaching a place just east of Blanchard, Oklahoma, having driven through that place, he collided with an automobile driven by a third person and sustained serious injuries. He was paid $4,500 in settlement due to this collision by a third person. The respondents defend on the ground, among others, that the accidental injury did not arise out of and in the course of employment.

The issue as to whether the accidental injury arose out of and in the course of the employment is determinative of this case. The finding of the State Industrial Court is as follows:

"That on September 9, 1957, it was claimant's turn to furnish the transportation; that on that day at about 5:00 or 5:30 o'clock a. m., while claimant was driving his car from his home to Norman, prior to picking up the rest of the crew and respondent's water can, and in the outskirts of Blanchard, Oklahoma, on State Highway 62, claimant sustained an accidental personal injury when his car was involved in a head-on collision with another vehicle.

"Conclusions:

"That claimant did not sustain an accidental personal injury arising out of and in the course of his hazardous em-

ployment with respondent, and his claim for compensation should be denied.

"It Is Therefore Ordered that claimant's claim for compensation is ·denied."

█ It is a well established rule that the employer is not liable for an accidental injury sustained by an employee in going to or from work. Oklahoma Gas & Electric Co. et al. v. Stout et al., ·179 Okl. 312, ·65 P.2d 477; Mead Bros., Inc., et al. v. State Industrial Commission et al., 144 Okl. 279, 291 P. 571; and Novak v. McAlister et al., Okl., 301 P.2d 234. In Mead Bros., Inc., et al. v. State Industrial Commission et al., supra, it is stated:

"In the absence of an agreement, express or implied, to transport an ·employee to the place of work, · the employer is not responsible for an injury sustained by the employee in traveling to the place of work."

In Novak v. McAlister et al., supra, it is stated [301 P.2d 235]: ·

"Ordinarily, an injury sustained by an employee while going to or from the premises where he is employed is not one arising out of and in the course of his ·employment. R. J. Allison, Inc. v. Boling, 192 Okl. 213, 134 P.2d 980.

"This court has recognized exceptions to this general rule, such as: (1) where transportation to and from work is furnished by the employer; and (2) where the employee, on his way to or from work, is still charged with some duty or task in connection with his employment. * * *"

Claimant cites and relies on Ince v. Chester Westfall Drilling Co. et al., Okl., 346 P.2d 346; and Helmerich & Payne v. Gabbard, Okl., 333 P.2d 964. See, also Hughes v. Haco Drilling Co. et al., Okl., 340 P.2d 472. These cases are readily dis-

tinguishable from the case under consideration. In Helmerich & Payne v. Gabbard and Hughes v. Haco Drilling Co., supra, the employee was carrying a water can to his ·place of work; and in Ince v. Westfall Drilling Co., supra, the water can was being transported from the place of work.. Since the basis of the rule is the implied agreement of employment by the transportation of the material, as held in Weatherbee Elec. Co. et al. v. Duke, et al., Okl., 294 P.2d 298, we think the ·employment does not commence until the employee begins to transport the material. The water can here was not being carried at the time of the accident in which claimant was injured.

█ Claimant argues it was his duty to go to work earlier in order to pick up the crew and that it was a longer route by reason of his having to go for the crew. The driller testified that the car pool and agreement as to transportation of himself and the crew was for the benefit of himself as driller and any requirement as to the use of the car by reason of the pool was a personal benefit to each individual member of the crew and was not an agreement of employer. There was no employment by reason of agreement of the members of the crew as to the use of the individual cars involved in the pool in so far as applied to the personal transportation of the members of the crew.

Claimant also argues there is evidence that the particular car driven on any given day could be used for errands in connection with the drilling of the well or to obtain supplies or tools. A complete answer to this argument is that there was no such use or errand involved in the accidental injury causing the disability of claimant.

Order denying the award sustained.

WILLIAMS, V. C. J. and WELCH, JOHNSON, BLACKBIRD, JACKSON, IRWIN and BERRY, JJ., concur.