Theodore Roosevelt NORVILL, Petitioner,

v.

PAUL HARDEMAN, INC., Employers Mutual Liability Insurance Company and the Oklahoma State Industrial Court, Respondents.

No. 39965.

Supreme Court of Oklahoma.

Dec. 18, 1962.

Lampkin, Wolfe & Blankenship, Ben T. Lampkin, Jr., and Jerry D. Sokolosky, Oklahoma City, for petitioner.

Fenton, Fenton, Smith & McCaleb, Mac Q. Williamson, Atty. Gen., Oklahoma City, for respondents.

HALLEY, Justice.

On the 30th day of March, 1961, Theodore Roosevelt Norvill, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that while employed by Paul Hardeman, Inc., he sustained an accidental injury on February, 2, 1961. The State Industrial Court denied an award and this proceeding is brought by claimant against the employer and its insurance carrier, Employers Mutual Liability Insurance Company, to review the order denying the award.

The record discloses that claimant was a steam fitter at a missile site under construction approximately four miles south of Lone Wolf, Oklahoma. He received $3.85 per hour, plus $2.00 per day travel pay. This travel pay in the sum of $2.00 was paid to each employee but was paid only if the employee "showed up" at the job site. Claimant's hours of employ-

ment were from 8:00 A.M. to 6:30 P.M. On February 2, 1961, at approximately 6:45 P.M. claimant was riding to his home in Hobart, Oklahoma, in an automobile owned and driven by Cecil Driggers, a fellow employee. Approximately 2.6 miles west of Hobart, Oklahoma, the car in which he was riding collided with one driven by Homer Cribbs. No one was hurt in this accident and claimant and Driggers had sent word to the highway patrol and were waiting to report the accident. While waiting they decided to smoke and found themselves without a match. Employee crossed the road to obtain a match from Cribbs, and while returning he was struck by another automobile sustaining the injury involved in this proceeding. At the time of the accidental injury Driggers and claimant both had in their possession hard-shell hats belonging to the employer and Driggers had in his pocket a pocket rule and level belonging to employer. It is a well settled rule that the employer is not liable for an accidental injury sustained by an employee in going to and from work. Oklahoma Gas & Electric Co. et al. v. Stout et al., 179 Okl. 312, 65 P.2d 477; Mead Bros., Inc., et al. v. State Industrial Commission et al., 144 Okl. 279, 291 P. 571; and Novak v. McAlister et al., Okl., 301 P.2d 234. In Mead Bros., Inc., et al. v. State Industrial Commission et al., supra, it is stated:

"In the absence of an agreement, express or implied, to transport an employee to the place of work, the employer is not responsible for an injury sustained by the employee in traveling to the place of work."

In Novak v. McAlister et al., supra, it is stated:

"Ordinarily, an injury sustained by an employee while going to and from the premises where he is employed is not one arising out of and in the course of his employment. R. J. Allison, Inc. v. Boling, 192 Okl. 213, 134 P.2d 980.

"This court has recognized exceptions to this general rule, such as:

(1) where transportation to and from work is furnished by the employer; and (2) where the employee, on his way to or from work, is still charged with some duty or task in connection with his employment. * * *"

■ Claimant cites Hughes v. Haco Drilling Co. et al., Okl., 340 P.2d 472; and Ince v. Chester Westfall Drilling Co. et al., Okl., 346 P.2d 346, and argues that the hard-shell hats and the pocket rule and level constituted material being hauled for the employer. In Grossnicklaus v. Big X and/or Decem Drilling Co. et al., Okl., 355 P.2d 871, it is stated:

"Claimant cites and relies on Ince v. Chester Westfall Drilling Co. et al., Okl., 346 P.2d 346; and Helmerich & Payne v. Gabbard, Okl., 333 P.2d 964. See, also Hughes v. Haco Drilling Co. et al., Okl., 340 P.2d 472. These cases are readily distinguishable from the case under consideration. In Helmerich & Payne v. Gabbard and Hughes v. Haco Drilling Co., supra, the employee was carrying a water can to his place of work; and in Ince v. Westfall Drilling Co., supra, the water can was being transported from the place of work. Since the basis of the rule is the implied agreement of employment by the transportation of the material, as held in Weatherbee Elec. Co. et al. v. Duke, et al., Okl. 294 P.2d 298, we think the employment does not commence until the employee begins to transport the material. The water can here was not being carried at the time of the accident in which claimant was injured."

Claimant was not hauling any material within the meaning of the foregoing cases. There was no implied agreement of employment by reason of hauling any material.

■ Neither does the fact that claimant was allowed $2.00 per day designated as travel pay constitute an agreement, express or implied, to transport the employee to or from the place of employment.

He was not using the money thus obtained for expenses of a method of conveyance used by him or any one else at the direction of the employer. There is no evidence that there was an agreement implied or otherwise for the employer to furnish a method of conveyance.

Order denying award sustained.