**Shirley M. RICHARDSON, Petitioner,**

**v.**

**Emery PITTS, d/b/a Swank Steak House, Dealers National Insurance Company and the State Industrial Court, Respondents.**

**No. 41308.**

Supreme Court of Oklahoma.

Nov. 9, 1965.

[redacted]

Howard C. Triggs, Oklahoma City, for petitioner.

Fenton, Fenton, Smith & McCaleb, Charles R. Nesbitt, Atty. Gen., Oklahoma City, for respondents.

DAVISON, Justice.

This is an original proceeding by Shirley Richardson, claimant, to review an order of the State Industrial Court denying her claim for compensation against Emery Pitts, d/b/a Swank Steak House, and his insurance carrier, Dealers National Insurance Company.

The sole question in this review is whether claimant's injury arose out of and in the course of her employment.

The testimony shows that claimant worked as a waitress and cashier for Emery Pitts, d/b/a Swank Steak House. Claimant had worked on a full time basis from October, 1963, until the date of her accident on Sunday, May 10, 1964. Approximately two months before her accident claimant worked on the shift from 5:30 A.M. until 1:30 P.M. She had agreed with the owner of the cafe that she would take this early shift if she could have Sundays off. During the two months preceding the accident, claimant worked Sundays when the owner could not find a substitute for her. The testimony showed she had worked all but two Sundays in the two month period preceding the date of her accident.

On the night before her accident, claimant was in the Swank Steak House eating dinner and the owner, Emery Pitts, asked her if she would work the next day to which claimant agreed. The claimant was driving to work the next morning in her own car when she was involved in an automobile accident which is the basis of her claim before the State Industrial Court. The accident occurred at about 5:00 A.M. The usual time for her to report to work was 5:30 A.M.

Ordinarily, an injury sustained by an employee while going to or from the premises where he is employed is not one arising out of and in the course of his employment under the Workmen's Compensation Law. Governair Corp. v. District Court of Oklahoma County, Okl., 293 P.2d 918; Janger Produce Company v. Lee, Okl., 304 P.2d 285.

An exception to this general rule is where an employee sustains an injury while going to or returning from his place of work to perform a special task, outside his regular working hours, and at the request of his employer.

Claimant argues that the facts in the instant case bring her within this exception. In support thereof she cites Dawson v. Oklahoma City Casket Company, Okl., 322 P.2d 642; Anderson Construction Co. v. Frank-

lin, Okl., 315 P.2d 785; and Thurston Chemical Company v. Casteel, Okl., 285 P.2d 403. All of these cases do support the position that an employee injured while going to or from his place of work to perform a special task for or at the request and direction of the employer is covered by the Workmen's Compensation Law.

In each of the above cited cases the claimant was performing work unrelated to his regular work, or work outside his working hours, or work of emergency nature.

In the instant case the claimant was enroute to begin her regular shift and to do the same work she regularly performed. The only thing different was the fact that the accident occurred on Sunday. In spite of any agreement the claimant may have had with the owner of the cafe about having Sundays off, the record shows that she worked over twice as many Sundays as she had off during the two month period preceding her accident. Any agreement the claimant had with the owner of the cafe regarding her having Sundays off was modified to the extent that she would work on Sunday if a relief could not be found. She voluntarily agreed to work on the day of her injury. The claimant was not on a special task for her employer.

The facts in the instant case do not bring the claimant under the above exception to the general rule. See Janger Produce Company v. Lee, supra, for facts similar to those of the instant case wherein this court vacated an award of the State Industrial Court which had awarded claimant compensation.

The order of the State Industrial Court denying the claimant's claim is accordingly sustained.

HALLEY, C. J., JACKSON, V. C. J., and WILLIAMS, BLACKBIRD, IRWIN, BERRY and LAVENDER, JJ., concur.

HODGES, J., concurs in result.