Olene P. IMPSON, Petitioner,

v.

DILLARD'S BROWN–DUNKIN COMPANY et al., Respondents.

No. 44746.

Supreme Court of Oklahoma.

July 13, 1971.

Rehearing Denied Oct. 20, 1971.

David Nelson, Donovan, Freese & Downing, Tulsa, for petitioner.

Paul V. McGivern, Jr., McGivern & Gladd, Tulsa, for respondents.

BLACKBIRD, Justice:

There is presented here for review an order of the State Industrial Court, sitting en banc, vacating an award entered by the trial judge allowing the petitioner, Olene P. Impson, claimant below, compensation

benefits under the provisions of the Oklahoma Workmen's Compensation Statute, 85 O.S.1961. Parties will be referred to as they appeared before the State Industrial Court.

In vacating the award of the trial judge, the Industrial Court, sitting en banc, held:

"It is therefore ordered that the order of the Trial Judge heretofore entered in this case on November 16, 1970, be and the same hereby is vacated, set aside, and held for naught; that claimant's claim for compensation is denied for the reason that the injury complained of herein did not arise out of and in the course of claimant's employment with respondent."

Claimant on January 26, 1969, and for several years prior thereto, was employed by the respondent as a saleslady in the hosiery department of its store in the City of Tulsa.

Respondent concedes that the estoppel provisions of 85 O.S.1961, §§ 65.2 and 65.3, are applicable and that claimant is entitled to Workmen's Compensation benefits if the "accident arose out of and in the course of her employment", regardless of the nature of the work she was doing at the time of the accident.

Claimant's regular working days were Monday through Saturday each week. In the conduct of its business, respondent scheduled two Sundays of each year for the taking of an inventory of the store on a day when the store was closed for business. While working on "Inventory Sunday" was not compulsory for an employee, all regular employees of the respondent were expected to work on "Inventory Sunday", unless there was a good reason for their not working.

Employees were compensated for the extra work done on Sunday by being permitted to be absent from their work on one of the week days either before or after "Inventory Sunday". If they did not take a day off, they would be paid for working on Sunday.

Sunday, January 26, 1969, was designated an "Inventory Sunday". Claimant's immediate supervisor instructed her to report for work on Sunday, January 26, 1969, to help in the taking of the inventory. She was permitted to be absent from her duties as a saleslady on Saturday, January 25, 1969.

Sunday, January 26, 1969, was a cold day with moisture freezing on the highways. While driving from her home to respondent's store to commence work, claimant's car slid on the highway and overturned, causing injuries to claimant.

Respondent contends that the injury sustained by the claimant, while on her way to work, did not arise out of and in the course of her employment. The general rule stated above is not applicable to the present case.

In Thurston Chemical Company v. Casteel (1955), Okl., 285 P.2d 403, we said:

"The general rule that an injury suffered by an employee while on his way to or from his regular work does not arise out of and in the course of his employment does not apply where the employee sustains an accidental injury while going to or returning from his place of work to perform a special task outside of his regular hours at the request of his employer and for the employer's benefit."

The above case has been approved and cited by this Court in more recent cases. See Garvin County v. Pierce (1955), Okl., 406 P.2d 460, and Dawson v. Oklahoma City Casket Co. (1958), Okl., 322 P.2d 642.

The above cases are controlling here. Claimant at the time she was injured was on her way to perform a special task for respondent. She was to assist in making an inventory of respondent's store, which was done twice each year. Claimant was a saleslady and the taking of an inventory was a special task outside of her regular duties. The special task was to be performed on Sunday outside of her regular hours of employment as a saleslady during week days.

The order of the State Industrial Court, sitting en banc, is vacated with directions to reinstate the award entered by the trial judge.

BERRY, C. J., DAVISON, V. C. J., and WILLIAMS and JACKSON, JJ., concur.

IRWIN, HODGES, LAVENDER and McINERNEY, JJ., dissent.